UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROSALYN HARDY**                                              **CIVIL ACTION**

**VERSUS**                                                     **NO. 22-153-SDD-RLB**

**NEW JERSEY MANUFACTURERS**
**INSURANCE COMPANY, ET AL.**

## ORDER

Before the Court is New Jersey Manufacturers Insurance Company and Quan D. Dunlap's (collectively, "Defendants") Motion to Compel Discovery (R. Doc. 6) and Supplemental Memorandum (R. Doc. 9). Plaintiff opposes the motion. (R. Doc. 10).

**I.      Background**

This action arises from a motor vehicle accident on August 7, 2021. Plaintiff, Rosalyn Hardy, asserts that Dunlap failed to yield at a stop sign while driving a Ford Explorer and struck a vehicle being driven by Plaintiff. (R. Doc. 1-1 ¶¶ 3-4). Plaintiff alleges that she suffers from "neck pain, shoulder pain, back pain, bilateral leg pain, and headache" as a result of the accident (R. Doc. 10-1 at 4-5). She seeks damages for pain and suffering, mental anguish, loss of enjoyment of life, disfigurement and disability, and medical expenses. (R. Doc. 1-1 ¶ 5). Plaintiff further alleges that Dunlop's automobile liability insurance policy with New Jersey Manufacturers Insurance Company covers those damages. (*Id.* ¶ 7).

On August 23, 2022, New Jersey Manufacturers Insurance Company and Dunlap filed a Motion to Compel, which seeks an order compelling Plaintiff to provide supplemental and complete responses to Defendants' Interrogatories and Requests for Production of Documents, and for an award of reasonable expenses, including attorney's fees. (R. Doc. 6).

On September 8, 2022, Defendants filed a Consent Motion to Continue Motion to Compel Discovery, which represented that on August 26, 2022, Plaintiff provided Amended and Supplemental Responses to Defendants' Interrogatories and Requests for Production of Documents. (R. Doc. 7). Defendants sought a continuance of the resolution of their pending Motion to Compel, without date, in light of the amended and supplemental responses, reserving their "rights to challenge the sufficiency of the responses." (R. Doc. 7 at 1).

The Court granted this relief to the extent Defendants sought time to review the amended and supplemental responses to determine whether and to what extent any of the discovery disputes raised in their Motion to Compel Discovery have been resolved. (R. Doc. 8). The Court required the Parties to confer in good faith in an effort to resolve the issues in light of the amended and supplemental responses.

Defendants subsequently filed a Supplemental Memorandum stating that the discovery dispute has been "largely resolved" but that Plaintiff's responses to Defendants' Requests for Production Nos. 21, 22, 24, 33, 34, and 35 remain deficient. (R. Doc. 9 at 3). On October 7, 2022, Plaintiff served Second Amended and Supplemental Responses to Defendants' Requests for Production of Documents, which provided additional documents responsive to Defendants' Request for Production No. 24. (R. Doc. 10-5). Plaintiff also filed an Opposition to Defendants' Motion to Compel Discovery. (R. Doc. 10).

## II.   Law and Analysis

### A.   Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

A party must respond or object to a request for production within thirty days after service of the discovery. *See* Fed. R. Civ. P. 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). "An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

3

(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). If a party fails to respond fully to discovery requests made pursuant to Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

### B.    Analysis

#### 1.    Request for Production No. 21

Defendants request that Plaintiff produce "each and every text message, iMessage, GroupMe message, photograph, video, etc." from her cellphone that pertains to: "(1) The August 7, 2021 alleged motor vehicle accident; (2) Plaintiff exercising; (3) Plaintiff performing physical and/or manual labor; (4) Plaintiff performing [her] employment duties; (5) Plaintiff going to the gym; (6) Plaintiff playing a sport; (7) Plaintiff assisting anyone with moving; and (8) Plaintiff's general physical capabilities." (R. Doc. 9-2 at 25-26).

Plaintiff objects to the request "as overbroad and not reasonably calculated to lead to the discovery of admissible evidence." (*Id.* at 26). Plaintiff additionally asserts that the request violates her right to privacy, the Stored Communications Act of 1986 ("SCA"), and the Electronic Communications Privacy Act ("ECPA"). (*Id.*). Plaintiff testified that she does not have any emails, text messages, or other communications about the incident, her injuries, or her treatment. (R. Doc. 10-2 at 55:25-56:7). She further asserts that she does not otherwise possess any responsive records. (*See* R. Doc. 10 at 1-2, 5).

Defendants counter that they narrowly tailored their request. (R. Doc. 9 at 3). In support, Defendants state that the request only seeks "8 categories of data that are related to the subject accident and Plaintiff's physical abilities after the accident." (*Id.*). Defendants further assert that "[i]t is not unreasonable or unduly burdensome" to require Plaintiff "to search her phone and/or computer for text messages, social media messages, emails, photographs, and videos regarding the accident and her physical condition, from the date of the accident, to the present." (*Id.*).

As an initial matter, the request for production does not violate Plaintiff's constitutional rights, the SCA, or the ECPA. *See Baxter v. Anderson*, No. 16-142, 2016 WL 4443178 at *2-3 (M.D. La. Aug. 19, 2016).[1] "The SCA prevents 'providers' of communication services from divulging private communications to certain entities and individuals." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 971-72 (C.D. Cal. 2010). The protections of the SCA do not extend to data stored on an individual's cellphone. *Garcia v. City of Laredo*, 702 F.3d 788, 793 (5th Cir. 2012). Here, Defendants seek cellphone data directly from the Plaintiff and not a third-party communication service provider. Furthermore, Defendants seek information relevant to Plaintiff's alleged injuries and therefore do not violate any constitutional privacy interests. *See Baxter*, 2016 WL 4443178 at *2-3.

Although Defendants' request encompasses discoverable documents, the request as stated is overbroad and not proportional to the needs of the case. Defendants limit the first subsection of their request for production to cellphone records pertaining to the motor vehicle accident, but the remaining subsections request a broad range of documents loosely related to Plaintiff's "general physical capabilities" since the accident. (*See* Doc. 9-2 at 25-26). Defendants' request extends to cellphone records unrelated to the physical impact of Plaintiff's injuries. Defendants

---

[1] The plaintiff in *Baxter* was represented by the same law firm that represents plaintiff in this case. These same objections that have specifically been rejected by this Court in *Baxter* are offered in this case verbatim.

seek, among other items, records of Plaintiff performing her employment duties, but they have not explained the relevance of those records in the absence of any claim for lost wages. (R. Doc. 9-2 at 26). Even if Plaintiff's employment as a housekeeper and sitter required some physical activity, Defendants' request for records regarding Plaintiff's employment is not proportional to the needs of the case. (*See id.* at 6). Furthermore, their request for production includes a broad catchall provision seeking all of Plaintiff's cellphone records since the accident pertaining to "Plaintiff's general physical capabilities." (*Id.* at 26). Defendants do not define physical capabilities or apply any subject matter limitations to this request, and it entirely subsumes subsections two through seven. Such an unfettered request is overbroad and not proportional to the needs of this personal injury case. *See Scott v. U.S. Postal Serv.*, No. 15-712, 2016 WL 7440468, at *5 (M.D. La. Dec. 27, 2016) (declaring to be overbroad a request for "all social media postings 'related to any type of physical or athletic activities'"); *Baxter*, 2016 WL 4443178 at *4 (declaring to be overbroad a request for all information from Plaintiff's social media accounts "that evidences, depicts or relates to Plaintiff's mental, emotional and physical condition").

Accordingly, the Court limits Defendants' request for production to records from the date of the accident to the present (1) pertaining to the August 7, 2021, alleged motor vehicle accident, (2) referring or relating to Plaintiff's alleged physical injuries, or (3) reflecting physical capabilities inconsistent with Plaintiff's alleged injuries. Plaintiff has not specified whether she has withheld any documents on the basis of her objections. Plaintiff must produce all non-privileged, responsive documents in her possession, custody, or control, or otherwise certify that no such documents have been located after a reasonable search.

### 2. Request for Production No. 22

Defendants' Request for Production No. 22 seeks "screenshots of photos, videos, messages, postings, and other content" from Plaintiff's social media accounts that:

(1) refer or relate to Plaintiff's alleged motor vehicle accident;

(2) refer or relate to the Plaintiff's alleged physical, emotional, and psychological injuries as a result of the alleged motor vehicle accident;

(3) refer or relate to Plaintiff's physical, emotional, and psychological capabilities after the alleged motor vehicle accident;

(4) refer or relate to Plaintiff playing sports, going to the gym, or doing some other kind of physical activity after the motor vehicle accident; and

(5) refer or relate to Plaintiff's subsequent treatment after the alleged motor vehicle accident.

(R. Doc. 9-2 at 27).

Plaintiff objects to this request on the same grounds that Plaintiff objected to Request for Production No. 21. Specifically, Plaintiff objects to the request "as overbroad and not reasonably calculated to lead to the discovery of admissible evidence." (*Id.* at 28). Plaintiff additionally asserts that the request violates her right to privacy, the SCA, and the ECPA. (*Id.*). Plaintiff identified one responsive Facebook Live video that she does not oppose producing.[2] (R. Doc. 10 at 2). But Plaintiff has not otherwise indicated whether she has withheld documents on the basis of her objections.

Defendants assert that the request for production of social media information is narrowly tailored and permissible, and they challenge the sufficiency of Plaintiff's search. (R. Doc. 9 at 4). In support Defendants state that Plaintiff only identified one responsive video and refused to

---

[2] Plaintiff purports that she has not produced the video because neither Party knows how to download a Facebook Live video, but Plaintiff offered to make the video available to Defendants at her deposition. (*Id.* at 2).

7

"confirm what kind of search she performed." (*Id.*). Defendants seek an order compelling Plaintiff to make a diligent effort to locate and produce responsive materials." (*Id.*).

Social media is generally discoverable. *Baxter*, 2016 WL 4443178 at *2; *see also Farley v. Callais & Sons, LLC*, No. 14-2550, 2015 WL 4730729 (E.D. La. Aug. 10, 2015). The SCA and ECPA do not protect Plaintiff from producing records within her own custody and control. *See Garcia*, 702 F.3d at 793. Social media content freely shared with third parties is "neither privileged nor protected by any right of privacy." *Johnson v. PPI Tech. Servs., L.P.*, No. 11-2773, 2013 WL 4508128, at *1 (E.D. La. Aug. 22, 2013) (quoting *Davenport v. State Farm Mut. Auto. Ins. Co.*, No. 11–CV–632, 2012 WL 555759, at * 2 (M.D. Fla. Feb. 21, 2012)). Requests for social media postings that refer to the accident or Plaintiff's alleged injuries and damages are relevant and proportional to the needs of the case. *See Impson v. Dixie Elec. Membership Corp.*, No. 14-632, 2015 WL 9413122, at *2-3 (M.D. La. Dec. 22, 2015). Therefore, Defendants may obtain social media information relevant to claims or defenses.

Similar to the previous request for production, this request for production as stated is overbroad. Defendants seek all social media records which "refer or relate to Plaintiff's physical, emotional, and psychological capabilities" or refer or relate to Plaintiff's physical activities. (R. Doc. 9-2 at 27). The breadth of this request exceeds their prior request for cellphone records related to Plaintiff's "general physical capabilities." (*Id.* at 26). Moreover, comparable requests for social media records referring or relating to an individual's "mental, emotional, and physical condition" have previously been rejected by this Court as overbroad. *See, e.g., Baxter*, 2016 WL 4443178 at *4. Requests for "social media postings 'related to any type of physical or athletic activities" following an accident have also been denied. *Scott*, 2016 WL 7440468, at *5. Defendants' request for production, if taken literally, would require Plaintiff to produce most of

8

the information about herself that she has placed on social media. Because Defendants seek information beyond that relevant to any claims and defenses, their request for production is overbroad.

The Court therefore limits Defendants' request for production to Plaintiff's social media content to that:

(1) refers or relates to Plaintiff's alleged motor vehicle accident;

(2) refers or relates to the Plaintiff's alleged physical, emotional, and psychological injuries as a result of the alleged motor vehicle accident;

(3) reflects physical, emotional, or psychological capabilities inconsistent with Plaintiff's alleged injuries;

(4) refers or relates to Plaintiff's subsequent treatment after the alleged motor vehicle accident.

The timeframe covered is the date of the accident to the present. When responding to a request for production, a party must exercise due diligence and make a "reasonable inquiry." *VeroBlue Farms USA Inc. v. Wulf*, No. 19-CV-764, 2021 WL 5176839, at *9 (N.D. Tex. Nov. 8, 2021) (quoting *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578 (N.D. Tex. 2018)). If no responsive documents exist, "the responding party should so state with sufficient specificity to allow the Court to" evaluate their efforts. *Id.* Generally, "[i]t is not the court's role to dictate how a party should search for relevant information absent a showing that the party has abdicated its responsibility" and "a specific deficiency is shown in a party's production." *VeroBlue Farms USA Inc.*, 2021 WL 5176839, at *9 (quoting *Moore v. Westgate Resorts*, No. 18-CV-410, 2020 WL 113352, *12 (E.D. Tenn. Jan. 9, 2020)). A party may not compel further discovery on "the mere suspicion" that a response was incomplete. *VeroBlue Farms USA Inc.*, 2021 WL 5176839, at *9 (quoting *Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014).

9

Plaintiff has identified a single document responsive to the original request for production. Although Defendants have not shown that Plaintiff's production omits any documents or is otherwise deficient, Plaintiff did not provide information to allow for an evaluation of the sufficiency of her search. Accordingly, to effectuate the foregoing search, and to ensure that Plaintiff's search for responsive information is complete, Plaintiff must, to the extent possible, download all historical data available from her social media accounts to review for responsive information covered by this Order.[3] As the holder of the account, this material is within her control. If a particular social media account does not allow for such a review, responses provided shall include a description of the steps taken to locate and review any responsive information within any social media account.

Plaintiff must produce all non-privileged, responsive documents to the discovery request as modified by the Court.

### 3.     Request for Production No. 24

Defendants' Request for Production No. 24 seeks "documents establishing that Plaintiff possessed valid automobile insurance at the time of the incident, including, but not limited to, (1) a full copy of the insurance policy, (2) insurance card, and (3) a copy of the declarations page." (R. Doc. 9-2 at 29). On October 7, 2022, Plaintiff supplemented her discovery response and purportedly provided Defendants with, among other documents, certified copies of her insurance policy and declarations page in effect on the date of the accident. Therefore, Defendants' motion to compel discovery responsive to Request for Production No. 24 is moot.

---

[3] For example, per the Facebook Help Center, a user of Facebook can download a copy of that user's Facebook data by selecting "Settings and privacy" and then click "Settings." In the left column click "Your Facebook Information", next to "Download Your Information," click "View". The user then selects appropriate options and clicks "Create File" to confirm the download request. It appears that other social media applications have similar capabilities.

10

### 4.     Requests for Production Nos. 33 and 34

With Requests for Production Nos. 33 and 34, Defendants seek "a copy of the citation that Plaintiff received for driving under suspension" and "all documents and communications referring to the disposition" of that citation. (R. Doc. 9-2 at 32). Plaintiff states that she does not possess responsive documents. (*Id.*). Defendants assert that Plaintiff has a duty to search for it, but she has "made no effort to request this from the Baton Rouge authorities." While Plaintiff does have a duty to search for items she has, that does not extend to a duty to seek out and obtain third party documents or court records pertaining to the disposition of a criminal citation.

The Court will not compel a party to produce documents which are not in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1); *see also Lopez*, 327 F.R.D. at 598 ("[A] party cannot produce what it does not have.") (internal citations omitted); *Payne v. Forest River, Inc.*, No. 13-679, 2015 WL 1912851, at *4 (M.D. La. Apr. 22, 2015) ("The court cannot order the production of documents that no longer exist or, despite a diligent search, cannot be found in the possession, custody, or control of a party."). Therefore, Defendants' requests are denied.

### 5.     Request for Production No. 35

Defendants request that Plaintiff produce "all documents and communications that contain facts pertaining to the subject accident on August 7, 2021 and Plaintiff's alleged injuries,… Plaintiff's communications with any individual/entity regarding the accident, and Plaintiff's communications with any individual/entity regarding alleged injuries and treatment due to the accident." (R. Doc. 9-2 at 32-33). Plaintiff asserts that she previously produced "[a]ll documents responsive to this request." (*Id.* at 33). Defendants object that Plaintiff conducted an insufficient search. (R. Doc. 9 at 5-6). In support, Defendants note that Plaintiff only produced select medical records, two photographs, the crash report, her insurance card, her declarations

11

page, one Facebook Live video, and lien letters. (*Id.*). Defendants additionally state that Plaintiff refuses to describe her search or produce a privilege log. (*Id.* at 6). Defendants questioned Plaintiff at her deposition as to whether she possessed additional documents, (*see, e.g.,* R. Doc. 10-2 at 44), but Defendants have not identified any additional, missing records beyond a general absence of cellphone records and emails, (*see* R. Doc. 9 at 6).

Defendants have not identified any specific deficiencies with Plaintiff's production. Although Defendants assert that the absence of any responsive communications evidences an insufficient search, Plaintiff asserts that no responsive communications exist. (R. Doc. 10 at 7-8; *see also* R. Doc. 10-2 at 55:25-56:7). A "mere suspicion" that a response is incomplete is insufficient to compel further discovery. *VeroBlue Farms USA Inc.,* 2021 WL 5176839, at *9 (quoting *Heller*, 303 F.R.D. at 486). However, Plaintiff has not contested Defendants' assertion that she withheld some responsive documents as privileged. (*See* R. Doc. 9 at 6; *see also* R. Doc. 9-3 at 2). To the extent Plaintiff has withheld documents on the basis of the attorney-client privilege or work product doctrine, Plaintiff must identify the withheld documents and assert the appropriate privilege or immunity in a privilege log. The remainder of Plaintiff's request is denied.

### 7. Request for the Payment of Expenses

Defendants further request an of award of $4000 for reasonable attorney's fees and expenses associated with the cost of the Motion. (R. Doc. 9 at 6-7). If a motion to compel is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses of the motion." Fed. R. Civ. P. 37(a)(5)(C). Even when a motion to compel is granted, the payment of expenses shall not be awarded if the circumstances would make such an award unjust. Fed. R. Civ. P. 37(a)(5)(A). Here, the Court has granted in

part the motion. Although Plaintiff must further respond to several requests for production, many of the disputes in this Motion arose due to the vagueness of Defendants' requests for the production of documents regarding Plaintiff's "capabilities." (*See* R. Doc. 9-2 at 26-27). Additionally, even though Plaintiff only produced documents in response to Request for Production No. 24 after Defendants filed the Motion, Plaintiff served those documents on the same day that she came into their possession. (*See* R. Doc. 10-6). Based on the foregoing, the court has determined that the parties shall each bear their own expenses in connection with the Motion.

**III.    Conclusion**

**IT IS ORDERED** that Defendants' Motion to Compel Discovery (R. Doc. 6) is **GRANTED IN PART** and **DENIED IN PART.** As detailed in this Order, Plaintiff shall further supplement her responses to Defendants' Interrogatories and Requests for Production of Documents no later than **fourteen (14) days** from the date of this Order. The Parties shall bear their own expenses.

Signed in Baton Rouge, Louisiana, on October 26, 2022.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**