UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROSALYN HARDY                                              CIVIL ACTION

VERSUS                                                     NO. 22-153-SDD-RLB

NEW JERSEY MANUFACTURERS
INSURANCE COMPANY, ET AL.

### ORDER

Before the Court is Defendants' Motion to Strike Untimely Expert Report of David Ferachi, MD and for Sanctions ("Motion to Strike") (R. Doc. 23). The motion is opposed. (R. Doc. 28).

**I.     Background**

This is a personal injury action involving a motor vehicle accident that was removed to federal court. The instant dispute pertains to whether Plaintiff timely disclosed a "rebuttal" report pursuant to Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure despite the absence of a specific deadline in the Court's Scheduling Order pertaining to the disclosure of "rebuttal" reports. In relevant part, the Scheduling Order required the following; Plaintiff must provide the identities and resumés of experts on November 4, 2022; Defendants must provide the identities and resumés of experts on December 5, 2022; Plaintiff must provide expert reports by December 5, 2022; Defendants must provide expert reports by February 3, 2023; expert discovery must be completed by March 31, 2023; dispositive motions and Daubert motions must be filed by April 28, 2023; and motions in limine must be filed by October 24, 2023. (R. Doc. 5).

On July 15, 2022, Plaintiff's treating physician, Dr. Eric Oberlander, a neurosurgeon, reviewed Plaintiff's cervical and lumbar MRIs on October 5, 2021, stating, among other things, that she is "a candidate for an ACDF [anterior cervical discectomy with fusion] [at the C5-7

level] at any point should she continue to fail conservative treatment" and also "may need a lumbar surgery someday." (R. Doc. 23-3 at 6). Defendants represent that, to date, Plaintiff has not scheduled this surgery. (R. Doc. 23-1 at 2). Plaintiff represents that she timely disclosed Dr. Oberlander as a non-retained expert and timely provided his report. (R. Doc. 28 at 2).

On January 10, 2023, Defendants disclosed to Plaintiff the expert report of Dr. Patrick Juneau. (R. Doc. 23-4 at 1-6; *see* R. Doc. 23-5 at 3). Dr. Juneau opined in his expert report that he did not "see any neural impingement" based on Plaintiff's cervical and lumbar MRIs. (R. Doc. 23-4 at 5). In addition, Dr. Juneau opined that Plaintiff does not need "surgical intervention upon her lumbar spine or upon her cervical spine" or "any further steroid injunctions, such as medial branch blocks or epidurals" given that Plaintiff is "essentially at maximum medical improvement at this point." (R. Doc. 23-4 at 4).

On February 2, 2023, Plaintiff informed Defendants that she intended on retaining a "rebuttal" expert witness, and Defendants objected to any rebuttal report as untimely. (R. Doc. 23-5 at 2). The next day, Plaintiff informed Defendants that Dr. David Ferachi was the proposed rebuttal expert. (R. Doc. 23-5 at 1). Plaintiff formally identified Dr. Ferachi as the rebuttal expert on February 6, 2023. (R. Doc. 23-6 at 1). Plaintiff's counsel then requested a status conference with the Court.

On February 7, 2023, the Court held a telephone conference with the parties to discuss the parties' dispute on whether, and to what extent, Plaintiff was allowed to disclose an expert rebuttal report (by a newly disclosed expert witness) in response to Defendants' expert report provided on January 10, 2023. (R. Doc. 18). The Court specifically informed "the parties that while the Scheduling Order (R. Doc. 5) does not include a specific expert rebuttal report deadline, Federal Rule of Civil Procedure 26(a)(2)(D)(ii) states that '[a]bsent a stipulation or a

2

court order,' an expert rebuttal disclosure is allowed 'if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.'" (R. Doc. 18 at 1). The Court also informed the parties that any dispute regarding the <u>scope</u> of the expert rebuttal disclosure could be resolved by filing an appropriate motion after the disclosure is received." (R. Doc. 18 at 3).

Immediately after the telephone conference, Plaintiff provided Defendants with a 1-page expert report by Dr. Ferachi. (R. Doc. 23-6). In relevant part, Dr. Ferachi opines that Plaintiff's cervical MRI shows "evidence of cervical degenerative disc disease with spondylosis from C5 through C7" and that Plaintiff "has worse than right neuroforaminal narrowing at C5-C6, as well as C6-C7." (R. Doc. 23-6 at 3). Dr. Ferachi further opines that if Plaintiff "failed at least three months of conservative care, then she would be a candidate for C5 through C7 anterior cervical discectomy and fusion." (R. Doc. 23-6 at 3).[1]

On February 9, 2023, Defendants provided Plaintiff with the "supplemental" report of De. Juneau. (R. Doc. 23-4). In relevant part, this supplemental report provides that based on review of Dr. Oberlander's deposition and explanation of Plaintiff's cervical MRI, he needs to make "some clarification" of his earlier report to clarify that while he "did not see any neural impingement" at the C5-7 level in his original report, a "more accurate description is that Plaintiff "does not have any impingement upon the spinal cord at that level." (R. Doc. 23-4 at 1).

On February 27, 2023, Defendants filed the instant Motion to Strike. (R. Doc. 23). In support of the motion, Defendants argue that (1) no rebuttal reports are allowed by the

---

[1] Plaintiff subsequently sought to file Dr. Ferachi's report into the record. (R. Doc. 19). Given that the motion did not present a dispute regarding the contents of the report, the Court denied the motion pursuant to Rule 5(d)(1)(A) of the Federal Rules of Civil Procedure. (R. Doc. 22). In denying the motion, the Court specifically noted that a rebuttal report could be disclosed to Defendants as allowed under Rule 26(a)(2)(D)(ii). (R. Doc. 22).

3

undersigned's Scheduling Order, (2) the rebuttal report should be excluded because it is, in fact, an untimely initial expert disclosure, and (3) sanctions should be awarded pursuant to 28 U.S.C. § 1927. (R. Doc. 23). In opposition, Plaintiff argues that the motion should be denied because (1) the rebuttal report was timely under Rule 26(a)(2)(D)(ii), (2) the rebuttal report is within the scope of Rule 26(a)(2)(D)(ii), (3) Plaintiff will be prejudiced if the rebuttal report is disallowed whereas Defendants will face no prejudice if the rebuttal report is allowed, and (4) Plaintiff's counsel acted reasonably and in good faith with respect to the rebuttal report. (R. Doc. 28).

**II.     Law and Analysis**

    **A.     Whether the Scheduling Order allows Rebuttal Reports**

In arguing that Dr. Ferachi's report is untimely and must be struck from the record, Defendants rely primarily on *Broyles v. Cantor Fitzgerald & Co.*, No. 10-857-JJB-CBW (M D. La. Aug. 11, 2016)[2] in support of the proposition that the undersigned's Scheduling Order precludes a rebuttal expert report after the provided expert report deadline. In *Broyles*, the plaintiffs filed a putative class action seeking damages resulting from alleged wrongful investment transactions involving a collateralized debt obligation. After expert discovery closed, Judge Brady was faced with several motions in limine, including one brought by the plaintiffs to exclude as untimely "supplemental" reports provided by two defendants. In granting the motion, Judge Brady excluded not only the defendants' "supplemental" reports, but also the plaintiff's "rebuttal" reports, which were all provided after the specific expert report deadlines set by the scheduling order in the case.[3] Without discussing the <u>scope</u> of the excluded "rebuttal" and "supplemental" reports, Judge Brady found that these reports were untimely because they were

---

[2] Defendants incorrectly characterize this decision as issued by the undersigned. The *Broyles* decision was in fact issued by the late Judge James Brady.

[3] The scheduling order referenced by Judge Brady was issued by Magistrate Judge Stephen Riedlinger. *Broyles*, ECF No. 322.

4

"not provided at the time and in the sequence as the Court ordered." *Id*. at *2. In issuing this decision, Judge Brady relied on one of his previous decisions in which he "held that a Scheduling Order that used identical language . . . did not permit production of rebuttal or supplemental reports after the deadline for expert reports." *Id*. (citing *Terrebonne Par. NAACP v. Jindal*, No. 14-069, 2015 WL 5943400, at *2 (M.D. La. Oct. 13, 2015) ("[T]he Scheduling Order would have specifically provided a deadline for disclosure of supplemental reports had the Court intended for those to be filed after [the deadline for expert reports].").

To be clear, the undersigned has already informed the parties in this personal injury action "that while the Scheduling Order (R. Doc. 5) does not include a specific expert rebuttal report deadline, Federal Rule of Civil Procedure 26(a)(2)(D)(ii) states that '[a]bsent a stipulation or a court order,' an expert rebuttal disclosure is allowed 'if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.'" (R. Doc. 18 at 3; *see* R. Doc. 22). Accordingly, notwithstanding the conclusion in *Brolyes*, the Court concludes that Dr. Ferachi's report is timely to the extent it falls within the scope of a rebuttal report under Rule 26(a)(2)(D)(ii). The undersigned has specifically held that the expert report deadlines provided in the undersigned's scheduling orders do not preclude a timely rebuttal report under Rule 26(a)(2)(D)(ii). *See*, *e.g.*, *Dillard v. Nat'l Cas. Co.*, No. 19-716-SDD-RLB, 2021 WL 9274417, at *3 (M.D. La. Apr. 19, 2021) ("Rule 26 sets a default rule allowing a party to submit a rebuttal disclosure within 30 days of any expert disclosure absent stipulation or court order.") (citing Fed. R. Civ. P. 26(a)(2)(D)(ii)); *Favaro v. Wright Nat'l Flood Ins. Co.*, No. 17-1711-SDD-RLB, 2020 WL 8831588, at *2 (M.D. La. Aug. 14, 2020) ("Defendant could have identified Dr. Poche as a rebuttal expert within 30 days after receiving Mr. Arnold's report.") (citing Fed. R. Civ. P.

26(a)(2)(D)(ii)); *Hebert v. Ascension Par. Sch. Bd.*, No. 17-641-SDD-RLB, 2018 WL 11395456, at *2 (M.D. La. Dec. 6, 2018) ("Defendant may disclose a rebuttal expert in response to Dr. Warshowsky pursuant to Rule 26(a)(2)(D)(ii)); *Est. of Christman v. Liberty Mut. Ins. Co.*, No. 20-739-BAJ-RLB, 2021 WL 3177415, at *3-4 (M.D. La. July 26, 2021) (extending deadline to provide rebuttal reports as allowed by Rule 26(a)(2)(D)(ii)); *Brown v. Daniel Logue, Logue Farms Transp., L.L.C.*, No. 15-193-RLB, 2015 WL 11718119, at *1 (M.D. La. Nov. 17, 2015) ("Defendants have the opportunity to provide rebuttal evidence to Mr. Roberts' report if appropriate.") (citing Fed. R. Civ. P. 26(a)(2)(D)(ii)). Indeed, under certain circumstances, the undersigned concluded that sur-rebuttal reports may be allowed. *See Louisiana Health Care Self Ins. Fund v. United States*, No. 12-766-JJB-RLB, 2014 WL 3720526, at *1 (M.D. La. July 25, 2014) ("Rule 26(a)(2)(D)(ii) grants each party the opportunity to, within 30 days, submit a rebuttal report 'intended solely to contradict or rebut' its opponent's expert report—not its opponent's rebuttal expert report. The Rule does not grant any right to rebuttal beyond that initial rebuttal report. That said, the Court also does not read Rule 26(a)(2)(D)(ii) to *prohibit* the filing of sur-rebuttal reports.").[4]

---

[4] Defendants fail to reference any of these decisions by the undersigned. Other courts have reached the same conclusion. *Rodgers v. Beechcraft Corp.*, 759 F. App'x 646, 664 (10th Cir. 2018) ("If nothing in the scheduling or case management order speaks to rebuttal, then 26(a)(2)(D)'s 30-day rule applies."); *Stonestreet v. United States*, No. 20-65, 2021 WL 6804211, at *1 (S.D. Miss. Apr. 21, 2021) ("[B]y operation of Fed. R. Civ. P. 26(a)(2)(D)(ii), Plaintiff's rebuttal experts were due on or before February 15, 2021."); *Midwest Feeders, Inc. v. Bank of Franklin*, No. 14-78, 2016 WL 4074432, at *1 (S.D. Miss. July 29, 2016) ("This Court finds that, given the procedural history of this case and the absence of an express order regarding rebuttal witnesses, the provisions of Rule 26(a)(2)(D)(ii) apply, allowing Plaintiff to designate a rebuttal expert within thirty days after Defendant's designation."); *Comeaux v. United States*, No. 19-12801, 2021 WL 53310, at *2 (E.D. La. Jan. 6, 2021) ("In addition, to the extent Dr. Lurie's testimony is considered rebuttal to the Government's expert's report, that report was provided to plaintiff on November 25, 2020—which means that Plaintiff had until December 25, 2020 to provide Dr. Lurie's rebuttal report."); *Hostetler v. Dillard*, 2014 WL 11514964 (S.D. Miss. Aug. 29, 2014) (holding that because the case management order was silent as to rebuttal experts, Rule 26(a)(2)(D)(ii) controlled and allowed the plaintiff to designate a rebuttal expert thirty days after the defendant's expert designation); *Teledyne Instruments, Inc. v. Cairns*, No. 12-854-ORL-28, 2013 WL 5781274, at *17 (M.D. Fla. Oct. 25, 2013) ("The [Case Management and Scheduling Order's] failure to set a deadline for the disclosure of rebuttal expert witness reports does not mean that rebuttal expert witness reports are not permitted. It simply means that rebuttal expert witness reports must be submitted within the period set forth in Rule 26(a)(2)(D)(ii). This is the prevailing rule . . . throughout the country.") (citing cases); *but see Broyles*, 2016 WL 4267955, at *1; *Roth v. Sentry Ins.*, No. 20-1298, 2021 WL 1534499, at *1 (E.D.

The Court recognizes the potential abuse in the over-designation of "rebuttal" or "supplemental" expert disclosures to circumvent the Court's expert report deadlines. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) ("The purpose of rebuttal and supplementary disclosures is just that—to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information."). Given the record, however, the Court does not find that the disclosure of Dr. Ferachi was an attempt to circumvent the Court's expert report deadlines. The instant motion is denied to the extent it seeks a blanket ruling that the Court's Scheduling Order does not a party to provide a "rebuttal" report within the default deadline set by Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure.[5]

As discussed above, the Court finds no basis for excluding Dr. Ferachi's report, *to the extent it is within the scope of rebuttal* as allowed under Rule 26(a)(2)(D)(ii), as untimely in light

---

La. Apr. 19, 2021) (disclosure of new expert to provide rebuttal report was untimely where (1) defendants disclosed experts one month prior to plaintiff's expert disclosure deadline, (2) the scheduling order specifically provided: "The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown"; and the Court's Local Rule 26.1 provided that the Court would set the timing and sequence of the parties' Rule 26 expert disclosures); *LeBeouf v. Manning*, No. 12-2583, 2016 WL 9411380, at *7 (E.D. La. Feb. 2, 2016) (relying in part on the Court's Local Rule 26.1).

[5] The Court notes that Defendants have also disclosed an expert report outside of the deadlines set by the Court's Scheduling Order. On February 9, 2023 (six days after the only deadline set by the Scheduling Order for the Defendants to provide expert reports), Defendants provided Plaintiff with the "supplemental report" of Dr. Juneau without obtaining leave of court. A supplemental expert report disclosure is allowed when required under Rule 26(e). *See* Fed. R. Civ. P. 26(a)(2)(E). The scope of a supplemental expert report is limited: the party must provide a supplemental report "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not been made known to the other parties during the discovery process or in writing" or "as ordered by the court." Fed. R. Civ. P. 26(e)(1)(A). "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2). "Courts routinely reject untimely 'supplemental' expert testimony where the opinions are based upon information available prior to the deadline for expert disclosures and disclosure 'departs from [or] expands upon [the] original report in [any] material respects.'" *Holcombe v. United States*, 516 F. Supp. 3d 660, 670 (W.D. Tex. 2021) (quoting *Sobrino-Barrera v. Anderson Shipping Co.*, 09-3642, 2011 WL 5245396, at *3 (S.D. Tex. Oct. 24, 2011)); *see Pratt v. Landings at Barksdale*, No. 09-1734, 2013 WL 5375951, at *2 (W.D. La. Sept. 24, 2013) (striking a declaration after finding that it "contains new opinions, not mere logical extensions, that go beyond those previously presented" and that "appear to be based upon information available prior to the deadline for service of initial expert reports.").

7

of the Scheduling Order in this action. To the extent necessary, the Court finds good cause under Rule 16(b)(4) of the Federal Rules of Civil Procedure to modify the Scheduling Order to allow Plaintiff to identify Dr. Ferachi as a "rebuttal" expert for the purposes of submitting his 1-page report. The Court will turn to whether Defendants have made any convincing arguments that Dr. Ferachi's expert report falls outside of the scope of Rule 26(a)(2)(D)(ii) or should otherwise be excluded at this time.

> **B.   Whether Dr. Ferachi's Expert Report is a "Rebuttal" Report and Should be Excluded from Evidence**

The Court will turn to Defendants' arguments that "Dr. Ferachi's opinions are clearly not rebuttal because he says the same things as Dr. Oberlander and both are spine surgeons" [and] Dr. Ferachi's report is "simply an attempt to bolster Dr. Oberlander's opinion versus Dr. Juneau's opinion." (R. Doc. 23-1 at 4). In relevant part, Dr. Ferachi opines that Plaintiff is a potential "candidate for C5 through C7 anterior cervical discectomy and fusion," observing that Plaintiff's cervical MRI shows "evidence of cervical degenerative disc disease with spondylosis from C5 through C7" and that Plaintiff "has worse than right neuroforaminal narrowing at C5-C6, as well as C6-C7." (R. Doc. 23-6 at 3). Defendants do not direct the Court to a single decision supporting a finding that these opinions are not "intended solely to contradict or rebut evidence on the same subject matter" provided by Dr. Juneau, who conversely opined that based on his review of the same cervical MRI that he didn't "see any neural impingement" at the C5-7 levels and that Plaintiff was not a candidate for surgery.[6]

---

[6] "The scope of rebuttal testimony is ordinarily a matter to be left to the sound discretion of the trial judge." *Tramonte v. Fibreboard Corp.*, 947 F.2d 762, 764 (5th Cir. 1991). "When addressing whether an expert witness is a rebuttal witness, district courts often ask three questions: First, what evidence does the rebuttal expert purport to contradict or rebut? Second, is the evidence disclosed as rebuttal evidence on the same subject matter as that identified by another party in its Rule 26(a)(2)(B) disclosure? Third, is the evidence disclosed as rebuttal evidence intended solely to contradict or rebut that evidence?" *Gibson Brands, Inc. v. Armadillio Distribution Enterprises, Inc.*, No. 19-00358, 2021 WL 231764, at *1 (E.D. Tex. Jan. 22, 2021). Defendants do not address these standards.

Instead, Defendants rely on their first premise – that Dr. Ferachi's report is really an "initial" report because his "opinions are exactly the same as Dr. Oberlander's opinions" – in support of the argument that the report is untimely. (R. Doc. 23-1 at 3). In seeking to exclude this untimely "initial" report, Defendants appear to seek relief pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure.[7] Rule 37(c)(1) provides, in relevant part, the following: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. Proc. 37(c)(1); *see also Honey-Love v. United States*, 664 F. App'x 358, 362 (5th Cir. 2016) ("[U]nder Rule 37(c), the presumptive sanction for failing to disclose a testifying expert or supply a required expert report or summary disclosures is to exclude or limit the expert's testimony unless the failure was substantially justified or harmless."). When determining whether to strike evidence, including expert witnesses, under Rule 37(c)(1), trial courts should look to the same four factors articulated by the Fifth Circuit to determine whether good cause exists to modify a scheduling order under Rule 16 for guidance: (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996); *see Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003) ("In evaluating whether a violation of [R]ule 26 is harmless, and thus whether the district court was within its discretion in allowing the evidence to be used at trial, we look to four

---

[7] Defendants do not cite Rule 37(c)(1). Instead, Defendants state that they are seeking an order striking the expert report pursuant to Rule 37(a)(3) of the Federal Rules of Civil Procedure. (*See* R. Doc. 23 at 1). That subsection of Rule 37 is inapplicable because it pertains solely to motions to compel. The Court will assume that Defendants are seeking relief pursuant to Rule 37(c)(1).

factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.").

Assuming that Dr. Ferachi's report is best characterized as an "initial" report, the Court nevertheless concludes that this untimely disclosure was substantially justified or harmless.[8] The expert testimony is important to Plaintiff as it addresses Dr. Juneau's opinion that he didn't "see any neural impingement" at the C5-7 levels and that Plaintiff was not a candidate for surgery. Even Dr. Juneau thought it was necessary to provide "clarification" on the issue of not seeing any neural impingement and providing a "more accurate description" in a "supplemental" report provided after Defendants' receipt of Dr. Ferachi's report. (R. Doc. 23-4 at 7-8). The Court finds Plaintiff's explanation for the disclosure of Dr. Ferachi's report – to rebut Dr. Juneau's purported equivocation on the existence of any neural impingement – to be reasonable. There is no undue prejudice to Defendants by allowing this expert disclosure given that Dr. Juneau has provided a "supplemental" report after receipt of Dr. Ferachi's "rebuttal" report.[9] A continuance of the expert deadlines will be unnecessary given that the deadline to complete expert discovery deadline is March 31, 2023. To the extent necessary, the parties can seek and obtain a brief continuance of the expert discovery deadline to the extent necessary to complete expert discovery with respect to Dr. Ferachi. In short, even if Dr. Ferachi's report is best characterized as an untimely "initial" expert report, this untimely disclosure was nevertheless "substantially justified or harmless" under Rule 37(c).

---

[8] Nothing would have precluded Plaintiff from disclosing a retained expert to provide an opinion substantially similar to her treating physician's opinion.

[9] Interestingly, Dr. Juneau does not mention any review of Dr. Ferachi's report. If Dr. Juneau did not review Dr. Ferachi's report prior to providing his "supplemental" report, then Defendants may seek leave to support a report solely to contradict or rebut Dr. Juneau's opinions.

Under these circumstances, the Court will deny the relief sought by Defendant pursuant to Rule 37. After the close of expert discovery, Defendants may seek any appropriate relief from the district judge to seek to exclude Dr. Ferachi's opinion testimony from evidence. *See U.S. Sec. & Exch. Comm'n v. Commonwealth Advisors, Inc.*, No. 12-700 JWD-SCR, 2017 WL 107974, at *2 (M.D. La. Jan. 11, 2017) (refusing to strike timely filed rebuttal report because "[w]hether or not specific opinions do, or do not, fall within the "same subject matter" of the opinions given by Defendant' expert Ronald Filler, so as to properly be considered rebuttal evidence, will be considered in a timely filed *Daubert* motion, should Defendants choose to file one.").

### C. Sanctions under 28 U.S.C. § 1927

Section 1927 sanctions are awardable where an attorney "multiples the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Defendants now seek sanctions under Section 1927 because that Plaintiff misrepresented the law in her motion seeking leave to file Dr. Ferachi's report into the record and Plaintiff did not provide Dr. Ferachi's report to Defendant until after the Court's telephone status conference. (R. Doc. 23-1 at 6-8).

Plaintiff's counsel did not act unreasonably and vexatiously. At most, Plaintiff's counsel mistakenly sought to file an expert report into the record notwithstanding Rule 5(d)(1)(A). As discussed above, Plaintiff's counsel reasonably relied on decisions by the undersigned, and others following the majority view, that allow rebuttal disclosures under the default 30-day period set by Rule 26(a)(2)(D)(ii). Furthermore, that Plaintiff's counsel did not disclose the context of Dr. Ferachi's report to the undersigned at the telephone status conference is irrelevant. The purpose of the Court's telephone status conference was to address whether Plaintiff could timely provide a rebuttal report pursuant to Rule 26(a)(2)(D)(ii), not whether Plaintiff had already secured a rebuttal expert and corresponding report.

The Court finds no basis to award sanctions under Section 1927.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Strike Untimely Expert Report of David Ferachi, MD and for Sanctions (R. Doc. 23) is **DENIED**. The Court finds no basis to exclude Dr. Ferachi's report, or to award any sanctions, based on the arguments raised in the instant Motion. The parties shall proceed with expert discovery, including Dr. Ferachi's deposition if secured by Defendants. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that any future motion to exclude Dr. Ferachi's report shall be filed after the close of expert discovery and shall be directed to the district judge as a motion in limine or Daubert motion.

Signed in Baton Rouge, Louisiana, on March 14, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**